IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
COLUMBIA DIVISION

| | |
|---|---|
| Horizon Hematology-Oncology, P.C., and Leonard Schutz, M.D., )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>Blue Cross Blue Shield of South Carolina., )<br>)<br>Defendant. )<br>_____) | C.A. No. 3:07-4157-CMC<br><br>ORDER DISMISSING ACTION |

This matter is before the court on Defendant's motion to dismiss all claims. For the reasons set forth below, the motion is granted.

## BACKGROUND

**Removal.** This matter was removed to this court based on the inclusion of a federal claim in the amended complaint (the complaint in force at the time of removal) and a claim of complete federal preemption under the Employee Retirement Income Security Act, 19 U.S.C. § 1001 *et seq.* (ERISA). Both grounds are well founded and provide this court with federal subject matter jurisdiction.

**Amended Complaint.** The amended complaint alleges six causes of action. Three of those causes of action arise under the common law of South Carolina. A fourth is based on the South Carolina Unfair Trade Practices Act. In addition, the amended complaint asserts two causes of action for violation of the Racketeer Influenced and Corrupt Organizations Act (RICO).

**Motion to Dismiss.** Promptly after removing, Defendant filed a motion to dismiss. That motion rests, in part, on an assertion that all of Plaintiffs' claims are preempted by the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* (ERISA), to the extent the underlying

benefits are due under an ERISA-covered Plan. Defendant also presents various arguments as to why each of Plaintiffs' state and federal claims is otherwise defective. Thus, Defendant argues two independent bases for dismissal of each and every claim.

**Plaintiffs' Response.** Plaintiffs oppose the motion primarily by arguing that it should be denied as premature. Specifically, Plaintiffs assert that the motion is premature because the issues have not yet been joined by the filing of an answer.

Plaintiffs only address one of Defendant's specific arguments for dismissal. That one argument relates to the claim for violation of the South Carolina Unfair Trade Practices Act, S.C. Code Ann. § 39-5-19 (SCUTPA). Plaintiffs concede that this claim should be dismissed but suggest they should be allowed to amend to add a claim for improper claims practices under S.C. Code § 38-59-20. Plaintiffs assert that "subsections (1), (3), (4) and (8) [of this Code Section] *seem* to be directly on point." Dkt No. 15 at 1 (emphasis added).[1]

Although they do not respond directly to any of Defendant's other arguments for dismissal, Plaintiffs explain that this suit was filed after Plaintiffs received notice of a large class action settlement and decided to opt out of that class action. They explain that the complaint in this action is based, in part, on the allegations and RICO claims in the class action complaint. They further explain that they added claims based on South Carolina law based on the assumption that state law claims were excluded from the class action either because of strategic reasons (the class action is a multi-state action) or, as to the state statutory claim (SCUTPA), because the claim cannot be pursued in a class action.

---

[1] Plaintiffs have not filed a motion to amend. They have only suggested a possible alternative state-law statutory basis for recovery.

2

Plaintiffs also indicate significant confusion as to whether there is a contract in existence between one of the Plaintiffs and Defendant. They do not explain how this would impact the viability of any of their asserted claims.

**Defendant's Reply.** On reply, Defendant first notes Plaintiffs' apparent concession as to the merits of the motion to dismiss. Defendant next addresses the error in Plaintiffs' procedural challenge (as to timing of the motion). Finally, Defendant argues that the one requested amendment would be futile because South Carolina does not recognize a private cause of action for improper claims practices under S.C. Code § 38-59-20.

## DISCUSSION

**Timing of Motion.** Rule 12(b) of the Federal Rules of Civil Procedure provides that a motion for "failure to state a claim on which relief can be granted" may be made by motion "before pleading if a further pleading is permitted." Fed. R. Civ. P. 12(b). Rule 12(a)(4) sets the time for filing a responsive pleading after denial of a motion under Rule 12(b). These provisions of the federal rules make clear that there is nothing premature in Defendant's motion. Indeed, early (pre answer) elimination of meritless claims is the very purpose of Rule 12(b)(6).

**Claim(s) Based on South Carolina Statutes.** Plaintiffs concede that their fifth cause of action fails to state a claim on which relief may be granted. Acknowledging this defect, they indicate a desire to amend the complaint to pursue a claim under S.C. Code Ann. § 38-59-10. For reasons set forth in Defendant's reply, however, such an amendment would be futile. *See Masterclean, Inc., v. Star Ins., Co.,* 556 S.E.2d 371, 377 (S.C. 2001) (holding that the South Carolina Claims Practices Act does not create a private cause of action).

**Other Grounds for Dismissal.** Plaintiffs have failed to respond to Defendant's other bases for dismissal including ERISA preemption and various defects in the state and RICO claims. Absent some response, the court presumes that Plaintiffs concede that one or more of Defendant's arguments are sufficient to support dismissal of each of the remaining five causes of action.

It is, in any event, clear that ERISA would preempt Plaintiffs' four state law claims as to any ERISA-governed plan.[2] Whether the two RICO claims would survive ERISA preemption is a closer question as RICO is not a *state* law subject to express preemption under 28 U.S.C. § 1144. Such claims may, nonetheless, be preempted as conflicting with ERISA's carefully crafted remedial scheme because, in the context set forth in this action, they involve the processing of claims under one or more ERISA plans. *See generally Aetna Health, Inc. v. Davila,* 542 U.S. 200, 208 (2004).[3]

The court need not, however, determine whether ERISA preempts the RICO claims which Plaintiffs have attempted to plead in this action. This is because Defendant has directed the court to numerous other apparent defects in Plaintiffs' RICO claims. Plaintiffs have neither challenged Defendant's assertions nor attempted to cure the alleged defects.[4] Under these circumstances, the

---

[2] The amended complaint does not assert any claims under ERISA. It is, however, clear that the claims in this action relate to payment of benefits under one or more ERISA-governed plans. *See, e.g.,* Amended Complaint ¶¶ 5-6 (alleging that the health benefits at issue in this action were provided to Plaintiffs' patients pursuant to policies or plans issued by the patient's employers); 29 U.S.C. § 1002(1) (defining employee welfare benefit plan) & 1003 (coverage).

[3] Plaintiffs assert that their rights arise as "third party beneficiaries" of the underlying benefit plans and that they have standing to seek recovery "by virtue of . . . . assignments" of those benefits. *See, e.g.*, Amended Complaint ¶ 14. These allegations suggest Plaintiffs are merely standing in the shoes of their patients who, were they to file claims relating to any ERISA-governed plans, would be limited to ERISA-based remedies. *See generally* 29 U.S.C. § 1132 (ERISA's remedial provisions).

[4] Plaintiffs, instead, essentially concede that they copied the legal and factual allegations relating to the RICO claims from the class action complaint. While an existing complaint may serve as a useful starting point in preparing pleadings, substantially more is required to satisfy the requirements of Rule 11 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 11(b)(2) & (3).

court finds the motion to dismiss the RICO claims to be well founded.

## CONCLUSION

For the reasons set forth above, the motion to dismiss is **granted**. This dismissal is **with prejudice** as to all state law claims actually asserted as well as any claim under the South Carolina Claims Practices Act. The dismissal is **without prejudice** to filing of *individual* actions based on assignments of benefits.[5] The dismissal is also **without prejudice** to the filing of a new, properly-pled RICO action, assuming that, after careful study, Plaintiffs determine there is a valid legal and factual basis for such a claim.

**Instruction in the event of refiling.** In the event Plaintiffs refile any action involving the present allegations and raising either RICO claims or asserting claims relating to services provided to *more than one patient* and the action is either filed in or removed to this court, the new action or actions shall be designated as related to the present action. This instruction does not apply to any action filed on behalf of or relating to the claims of a single patient.

IT IS SO ORDERED.

                                                       s/ Cameron McGowan Currie
                                                       CAMERON MCGOWAN CURRIE
                                                       UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
January 28, 2008

---

[5] By "individual actions," the court refers to actions relating to the claims of a *single* patient seeking to recover benefits due Plaintiffs, the patient, or related responsible party. If the coverage at issue relates to an ERISA-governed plan, the individual action may be pursued solely under ERISA. If the coverage at issue relates to a non-ERISA plan, the action would be pursued under a contract-based theory (including, possibly, a bad-faith denial of benefits claim). Neither category of claim is pled in this action. Joinder of the patient/plan participant in such an action may be necessary depending on the scope of the assignment and whether the decision in any refiled action(s) could impact the patient/plan participant's residual financial obligations or future rights under the same plan or policy.